IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RANDAL W. WRIGHT | § | |
| v. | § | CIVIL ACTION NO. 6:22cv354 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Randal Wright filed this application for the writ of habeas corpus challenging the legality of his conviction. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Petitioner's Application for Habeas Corpus Relief**

Petitioner states that he was convicted of driving while intoxicated in the 7th Judicial District Court of Smith County, Texas, receiving a sentence of 40 years in prison. Judicial records show that this conviction was rendered on November 10, 2021. Petitioner states that he took a direct appeal, but did not appeal further. He also indicates that his second and third grounds were not presented on appeal, and does not state whether his fourth ground was presented on appeal or not.

In his petition, Petitioner asserts that: (1) he received ineffective assistance of counsel because his trial and appellate attorneys did not investigate his past driving while intoxicated convictions and if he had the money his ex-wife took, he would not be in prison; (2) the 40-year sentence was excessive because he has never injured anyone and the prosecutor lied to the judge and stereotyped him in the open plea agreement; (3) he never got a chance for a jury trial because his attorney coerced him into signing an open plea agreement by telling him that he would get 25 years

1

or less; and (4) he needs a change of venue because he will not get a fair trial in Judge Kerry Russell's court.

Court records confirm Petitioner's statement that he took a direct appeal but did not appeal further. He raised one ground of error on direct appeal, which was that his sentence was grossly disproportionate to the offense and constituted cruel and unusual punishment. The Twelfth Judicial District Court of Appeals observed that Petitioner had been indicted for driving while intoxicated - third or more, a third degree felony under Tex. Penal Code Ann. §49.04 (driving while intoxicated). The indictment also contained two enhancement paragraphs alleging that Petitioner had been convicted of two previous sequential felonies, raising the punishment range to 25 years to life. Tex. Penal Code §49.09(b)(2). At sentencing, the prosecutor asked for a 50 year sentence, emphasizing Petitioner's 19 previous criminal convictions, including two for felony assault, two for misdemeanor DWI, family violence, and assault. On direct appeal, the appellate court rejected Petitioner's argument that his sentence was disproportionate or amounted to cruel and unusual punishment. *Wright v. State*, slip op. no. 12-21-00236-CR, 2022 Tex. App. LEXIS 5348, 2022 WL 3012440 (Tex.App.-Tyler, July 29, 2022, no pet.). No petition for discretionary review was filed.

The on-line records of the Texas Court of Criminal Appeals show that Petitioner filed a motion for extension of time to file a petition for discretionary review, which was granted, but no petition was ever filed. *Wright v. State*, PD-0441-22 (noting that the motion for extension of time was granted but no petition for discretionary review was filed) (available online at https://search.txcourts.gov/Case.aspx?cn=PD-0441-22&coa=coscca). Petitioner also filed an application for the writ of habeas corpus, which was received in the Court of Criminal Appeals on January 3, 2022. On January 19, 2022, the petition was dismissed because Petitioner's direct appeal was still pending. *Ex Parte Wright*, WR-93,424-01 (available online at https://search.txcourts.gov/Case.aspx?cn=WR-93,424-01&coa=coscca). These are the only proceedings which Petitioner has undertaken in the Texas Court of Criminal Appeals.

**II. Discussion**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus, but need not do both. *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004); *Bledsue v. Johnson*, 188 F.3d 250, 254 n.8 (5th Cir. 1999). The claims must be presented in a procedural context in which the state courts necessarily review the claims on the merits. *Loynachan v. Davis*, 766 F.App'x 156, 2019 U.S. App. LEXIS 10086, 2019 WL 1511002 (5th Cir., April 5, 2019), *citing Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.3d 380 (1989).

The Fifth Circuit has held that a federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). Where the petitioner fails to exhaust state remedies, the federal district court may dismiss the petition without prejudice. *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Mercadel v. Cain*, 179 F.3d 271, 274 (5th Cir.1999) (*per curiam*). This is because as a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

Petitioner here did not file a petition for discretionary review and his state habeas petition was not adjudicated on the merits, but was dismissed because his direct appeal was still pending at the time his state habeas petition was filed. In *Kelly v. Quarterman*, 260 F.App'x 629, 2007 U.S. App. LEXIS 29504, 2007 WL 4467578 (5th Cir., December 20, 2007), the petitioner Glenn Kelly received deferred adjudication probation, but was revoked and sentenced to 12 years in prison. His direct appeal was dismissed on July 8, 2003, and the mandate issued on October 2, 2003. Kelly did not seek discretionary review.

Instead, on September 18, 2003, Kelly filed his state habeas petition. Because the mandate from the appellate court had not yet issued, the Texas Court of Criminal Appeals dismissed the habeas petition because the direct appeal was still pending. *See Ex Parte Johnson*, 12 S.W.3d 472, 473 (Tex.Crim.App. 2000) (Court of Criminal Appeals lacks jurisdiction to consider a state habeas petition until the felony judgment from which relief is sought becomes final). In Kelly's federal habeas petition, the Fifth Circuit concluded that the state habeas petition was not "properly filed" for purposes of the statute of limitations under 28 U.S.C. §2244.

As in *Kelly*, Petitioner filed his only state habeas petition while his direct appeal was still pending. As a result, the Texas Court of Criminal Appeals lacked jurisdiction to consider the claims raised in that petition. Petitioner thus has not presented his claims to the Texas Court of Criminal Appeals in a procedurally proper manner, and his petition may be dismissed for failure to exhaust state remedies. *See also Johansson v. Director, TDCJ-CID*, civil action no. 9:15cv177, 2018 U.S. Dist. LEXIS 163078, 2018 WL 4572712 (E.D.Tex., August 30, 2018), *Report adopted at* 2018 U.S. App. LEXIS 162387, 2018 WL 4563044 (E.D.Tex., September 23, 2018) (dismissing habeas petition for failure to exhaust where petitioner did not seek discretionary review and his only state habeas petition was dismissed because his direct appeal was still pending).

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

In order to obtain a certificate of appealability, the petitioner must make a substantial showing that the petitioner has been denied a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). To do this, he must demonstrate that the issues are debatable among jurists of reason, that

a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995).

The Supreme Court has stated that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Petitioner has not shown that jurists of reason would find it debatable whether the district court was correct in its procedural ruling that he failed to exhaust state remedies. As a result, he is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies. It is further recommended that a certificate of appealability be denied *sua sponte*, with such denial referring solely to an appeal of the decision in this case and having no effect upon Petitioner's right to seek relief in state court, or to again seek relief in federal court in the event the state courts do not grant him the relief he seeks.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the

Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 2nd day of November, 2022.

*K. Nicole Mitchell*
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE