UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00354

**Randal W. Wright,**
*Petitioner,*

v.

**Director, TDCJ-CID,**
*Respondent.*

# ORDER

Petitioner Randal Wright, proceeding pro se, filed this petition for the writ of habeas corpus challenging the legality of his conviction for driving while intoxicated, for which he received a sentence of 40 years imprisonment. He appealed to the Twelfth Judicial District Court of Appeals, which affirmed his conviction on July 29, 2022. *Wright v. State*, No. 12-21-00236-CR, 2022 WL 3012440 (Tex. App. July 29, 2022). Petitioner did not seek discretionary review.

State court records show that petitioner also filed a petition for the writ of habeas corpus, which was received in the Texas Court of Criminal Appeals on January 3, 2022. On January 19, 2022, the petition was dismissed because petitioner's direct appeal was still pending. *Ex parte Wright*, WR-93,424-01. Petitioner has not undertaken any other proceedings in the Texas Court of Criminal Appeals.

Petitioner signed his federal habeas petition on August 22, 2022. After review of the pleadings and the state court records, the magistrate judge to whom the case was referred issued a report recommending dismissal of the petition without prejudice for failure to exhaust state remedies. The magistrate judge observed that exhaustion of state remedies requires that the petitioner fairly present the factual and legal bases of his claims to the highest state court in a procedural context allowing the state court to review the claims on the merits. *Nickelson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015); *Loynachan v. Davis*, 766 F. App'x 156 (5th Cir.

2019). Here, petitioner did not seek discretionary review. Rather, petitioner filed his habeas petition while his direct appeal was still pending. This means that the Texas Court of Criminal Appeals lacked jurisdiction. *Kelly v. Quarterman*, 260 F. App'x 629 (5th Cir. 2007); *Ex Parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000). The magistrate judge concluded that petitioner did not present his claims to the highest state court in a procedurally proper manner and therefore did not exhaust his state remedies.

Petitioner filed objections, arguing that "the record someone is giving you is not correct." He explains that he does not have any felony assault cases and that he should have only two cases for driving while intoxicated. He asks that the court contact his family and asserts that the assistant district attorney lied about petitioner's records and that he is in prison because of fabricated evidence.

Petitioner's assertions concerning fabricated evidence and the incomplete record appear to refer to records of prior convictions used at his trial rather than appellate or state habeas records. The court has independently reviewed the online state court records and has determined that the magistrate judge correctly concluded that petitioner did not seek discretionary review and that his sole state habeas corpus petition was dismissed because his direct appeal was still pending at the time it was filed. Thus, petitioner did not exhaust his state remedies as required by 28 U.S.C. § 2254(b).

Having reviewed the magistrate judge's report and the petitioner's objections de novo, the court overrules the objections and accepts the report's findings and recommendations. The court orders that this petition for the writ of habeas corpus is dismissed without prejudice for failure to exhaust state remedies.

*So ordered by the court on December 13, 2022.*

J. CAMPBELL BARKER
United States District Judge